# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YOUSELINE BARBOT,**<br><br>Plaintiff,<br><br>v.<br><br>**CATO CLOWNEY,**<br><br>Defendant. | Civil Action No. 18-11947 (FLW)(ZNQ)<br><br><br>MEMORANDUM OPINION & ORDER |

**THIS MATTER** comes before the Court by way of Defendant Cato Clowney's ("Defendant") Motion to Set Aside Default (the "Motion"). (Mot. to Set Aside Default, ECF No. 10.) Plaintiff Youseline Barbot ("Plaintiff") opposed, and Defendant did not reply. (Pl.'s Opp'n Br., ECF No. 11.)

The Court has considered the parties submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is denied without prejudice, and Defendant is permitted to supplement his Motion and Proposed Answer.

## I. BACKGROUND

This is an action arising from claims for personal injuries sustained in a motor vehicle collision on August 29, 2016. (*See generally* Compl., ECF No. 1.) After filing the Complaint on July 23, 2018, Plaintiff initiated service on Defendant via a process server. (ECF Nos. 1-2.) The process server made three service attempts at Defendant's home, twice on a weekday during business hours and once on a weekend. (Pl.'s Mot. for Substituted Service, Certification of Richard A. Wolfe, Esq. ¶¶ 5-7, Ex. B, ECF No. 5.) Guaranteed Subpoena Service then informed Plaintiff's counsel that Defendant was evading service. (*Id.* ¶ 5, Ex. A.) On October 25, 2018, the Court

issued a Notice of Call for Dismissal pursuant to Federal Rule of Civil Procedure 4(m), but later granted Plaintiff's requested thirty-day extension. (ECF No. 4.) Plaintiff filed the Motion for Substituted Service on November 14, 2018. (ECF No. 5.) In response, this Court issued a Letter Order instructing Plaintiff to attempt service on a weekday before 8:00 a.m. or after 6:00 p.m. (ECF No. 6.) Plaintiff effected service on Defendant on January 28, 2019. (ECF No. 7.) A response to the Complaint was due February 19, 2019. (ECF No. 8.)

Defendant did not answer or otherwise respond to the Complaint. On February 22, 2019, Plaintiff filed a Request for Entry of Default; The Clerk entered default on February 25, 2019. (ECF No. 9.) Defendant filed the instant Motion on May 6, 2019, and Plaintiff opposed. (ECF Nos. 10-11.)

## II.   PARTIES' ARGUMENTS

### A.   Defendant's Argument

Defendant argues that default should be vacated because doing so will not prejudice the Plaintiff; Defendant has alleged a meritorious defense; and Defendant's failure to respond to the Complaint is not the result of his culpable conduct. (*See generally* Def.'s Moving Br., ECF No. 10-2.) Defendant contends that Plaintiff will not be prejudiced because no evidence has been lost given that the claims rely on testimonial evidence, medical records, and experts. (*Id.* at 3.)

Defendant also claims that default is inappropriate when a defendant has alleged "at least one meritorious defense." (*Id.* at 3-4 (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)).) Defendant argues that a defense is meritorious if there is a "hint of suggestion" that it would constitute a complete defense. (*Id.* (quoting *Keegal v. Key West & Caribbean Trading Co. Inc., et al.*, 627 F.2d 372, 374 (D.C. Cir. 1980)).) Defendant also argues that Plaintiff's alleged injuries and damages have not been proven by any documentation, testimony, or expert reports.

2

(*Id.* at 3.) Further, Defendant posits that the District Court may lack jurisdiction because Defendant has not investigated whether Plaintiff's injuries exceed $75,000 to meet the threshold for diversity jurisdiction. (*Id.* at 4.) Defendant asserts the defenses of comparative negligence, failure to state a claim, statute of limitations, laches, and estoppel. (*See* Proposed Answer ¶¶ 1-12, ECF No. 10-4.)

Finally, Defendant contends that the default was the result of excusable neglect. (Def.'s Moving Br. 4.) Defendant claims that there is no evidence of culpable conduct in the record. (*Id.*) Defendant argues that dismissal by default should be a last resort. (*Id.* (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).)

### B. Plaintiff's Argument

Plaintiff responds that Defendant's Motion should be denied because Defendant has not presented a meritorious defense. (Pl.'s Opp'n Br. 6.) Plaintiff states that whether a defendant has a meritorious defense is the threshold issue of a motion to set aside default. (*Id.* (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).) Plaintiff asserts that "the defendant must set forth with some specificity the grounds for his defense, so the court may determine its substantive merit." (*Id.* at 7 (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)).) Plaintiff argues that Defendant has not articulated with specificity the basis of any substantive or procedural defenses in either his Proposed Answer or moving papers, nor has Defendant provided factual background for his defenses. (*Id.*) Because Defendant has not met the threshold requirement of establishing a meritorious defense, Plaintiff asserts that Defendant's Motion should be denied. (*Id.*)

### III. LEGAL STANDARD AND ANALYSIS

A motion to vacate default is governed by Federal Rule of Civil Procedure 55, which provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

3

In assessing whether to vacate an entry of default, the Third Circuit Court of Appeals requires courts to consider three factors: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. *Feliciano*, 691 F.2d at 656 (citing *Fargnese v. Berganasco*, 687 F.2d 761, 764 (3d Cir. 1982)).[1] Moreover, "[t]here is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Close cases "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese*, 687 F.2d at 764).

The Court considers each of the factors in turn. First, Plaintiff has not shown that she will be prejudiced by vacating the default. Plaintiff does not suggest that her "ability to pursue the claim has been hindered" since the entry of default. *Feliciano*, 691 F.2d at 657. Further, Plaintiff has not shown "any loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice." *Id.* Plaintiff filed the Complaint nearly two years after the accident. (Compl. ¶ 6, ECF No. 1.) Evidence that was not lost during that period has not likely been lost in the interim between the filing of the Complaint and the consideration of this Motion. This factor weighs against Plaintiff and in favor of setting aside default.

---

[1] These three factors are applied in situations of both entry of default and default judgment. *See Feliciano*, 691 F.2d at 656 (citing *Farnese*, 687 F.2d at 764) ("Although as we have noted the standards for [default entry and default judgment] are not always the same, we believe that the three factors discussed in *Farnese* should be applied in both situations.").

4

It is Defendant's burden to establish a meritorious defense. "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.'" *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Defendant's Proposed Answer provides no facts to establish, nor is it supplemented with an affidavit to establish, a *prima facie* case for a meritorious defense. (*See generally* Proposed Answer, ECF No. 10-4.) Defendant argues that he has a meritorious defense because he has not had any discovery and by indicating Plaintiff's burden to show injury and damages. (Def.'s Moving Br. 3.) Defendant also suggests that this Court may lack diversity jurisdiction. (*Id.* at 4.) Neither of these arguments constitutes a meritorious defense, nor can Defendant shift the burden to Plaintiff to show there is no defense. The second factor weighs against setting aside default.

Finally, Defendant fails to demonstrate that his untimely response to the Complaint is not the result of his culpable conduct. (*See generally* Def.'s Moving Br., ECF No. 10-2.) Culpable conduct is defined by actions taken willfully or in bad faith. *Feliciano*, 691 F.2d at 657; *see also Gross*, 700 F.2d at 123-24. "Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated. . . . Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Hritz*, 732 F.2d at 1183. Defendant highlights that the record lacks evidence that he acted in bad faith, but he does not address why his response was untimely, nor why a process server certified to Plaintiff that Defendant was evading service. (*See generally* Def.'s Moving Br; Pl.'s Mot. for Substituted Service Ex. A, ECF No. 5-2.) For this reason, the third factor weighs against vacating default.

Two of the three *Fargnese* factors support denial of the Motion. The Court, however, recognizes the strong policy favoring resolution of cases on the merits. *Gross*, 700 F.2d at 122 (citing *Farnese*, 687 F.2d at 764). Indeed, dismissal by default is "extreme," and should be "reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870. Accordingly, the Court finds it appropriate to deny Defendant's Motion without prejudice, and to allow Defendant an opportunity to supplement his Motion and Proposed Answer with submissions to establish a meritorious defense and to show that his untimely response was the result of excusable neglect.

For the foregoing reasons, and for good cause shown,

IT IS on this 8th day of **August, 2019**

**ORDERED** that Defendant's Motion (ECF No. 10), is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant is permitted to supplement his Motion and Proposed Answer within 10 days of entry of this Order.

_____
**ZAHID N. QURAISHI**
**United States Magistrate Judge**