# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOUSELINE BARBOT,<br><br>Plaintiff,<br><br>v.<br><br>CATO CLOWNEY,<br><br>Defendant. | Civil Action No. 18-11947 (FLW)(ZNQ)<br><br><br>MEMORANDUM OPINION & ORDER |

**THIS MATTER** comes before the Court upon Defendant Cato Clowney's ("Defendant") supplemental submissions (Def.'s Suppl., ECF No. 13) to his Motion to Set Aside Default (the "Motion") (Def.'s Mot. to Set Aside Default, ECF No. 10), permitted by the Court in its August 8, 2019 Order (Mem. Op. & Order, ECF No. 12). Plaintiff Youseline Barbot ("Plaintiff") submitted supplemental opposition (Pl.'s Suppl. Opp'n, ECF No. 15), and Defendant replied (Def.'s Reply, ECF No. 16).

The Court has considered the parties submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's request to set aside default, through its Motion as incorporated into Defendant's supplementary submission, is **GRANTED**. (ECF Nos. 10, 13.)

I. <u>BACKGROUND</u>

This is an action arising from claims for personal injuries sustained in a motor vehicle collision on August 29, 2016. (*See generally* Compl., ECF No. 1.) After filing the Complaint on July 23, 2018, Plaintiff initiated service on Defendant via a process server. (ECF Nos. 1-2.) The process server made three service attempts at Defendant's home, twice on a weekday during business hours and once on a weekend. (Pl.'s Mot. for Substituted Service, Certification of Richard

A. Wolfe, Esq. ¶¶ 5-7, Ex. B, ECF No. 5.) Guaranteed Subpoena Service then informed Plaintiff's counsel that it believed Defendant was evading service. (*Id.* ¶ 5, Ex. A.) On October 25, 2018, the Court issued a Notice of Call for Dismissal pursuant to Federal Rule of Civil Procedure 4(m) (ECF No. 3), but later granted Plaintiff's requested thirty-day extension (ECF No. 4). Plaintiff filed the Motion for Substituted Service on November 14, 2018. (ECF No. 5.) In response, this Court issued a Letter Order instructing Plaintiff to attempt service on a weekday before 8:00 a.m. or after 6:00 p.m. (ECF No. 6.) Plaintiff effected service on Defendant on January 28, 2019. (ECF No. 8.) A response to the Complaint was due February 19, 2019. (*Id.*)

Defendant did not answer or otherwise respond to the Complaint. On February 22, 2019, Plaintiff filed a Request for Entry of Default; The Clerk entered default on February 25, 2019. (ECF No. 9.) Defendant filed his Motion to Set Aside Default on May 6, 2019, and Plaintiff opposed. (ECF Nos. 10-11.) On August 8, 2019, the Court issued an Order denying Defendant's Motion without prejudice, but permitting Defendant to supplement his Motion with additional submissions to establish a meritorious defense and to show that his untimely response to Plaintiff's Complaint was the result of excusable conduct. (ECF No. 12.) Defendant timely provided additional submissions to the Court (ECF No. 13), Plaintiff opposed (ECF No. 15), and Defendant replied (ECF No. 16).

## II. **PARTIES' ARGUMENTS**

### A. **Defendant's Argument**

In his supplementation, Defendant incorporates his prior Motion (ECF No. 10), and argues that he has set forth meritorious defenses within his Proposed Answer (ECF No. 13-3), including (1) that Plaintiff is unable to satisfy the requirements of the "verbal threshold, or limitation on lawsuit," under N.J.S.A. 39:6A-8 (Def.'s Suppl. 3, ECF No. 13); that the accident was not the

2

proximate cause of Plaintiff's injuries (*id.* at 4); that Plaintiff has failed to state a claim pursuant to New Jersey's Deemer Statute, N.J.S.A. 17:28-1.4 (*id.*); and that the Court lacks subject matter jurisdiction over the matter because the amount in controversy does not exceed $75,000 (*id.* at 5).

Defendant also asserts that his delay in filing an answer was not the result of culpable conduct, but instead the result of his "counsel's excusable inadvertence." (*Id.* at 6.) He states that he was not aware that Plaintiff was attempting to serve him during her first attempts because he keeps an unusual sleep and work schedule. (*Id.* at 5-6.)

### B. Plaintiff's Opposition

Plaintiff responds by arguing that Defendant has failed to assert any meritorious defense. (*See generally* Pl.'s Suppl. Opp'n, ECF No. 15.) Plaintiff states that Defendant is attempting to shift his burden to establish a meritorious defense by claiming that he is subject to the verbal threshold, which she argues "permits the recovery of damages to those who fall within the prescribed categories," but does not necessarily provide a complete bar to recovery. (*Id.* at 2.) Plaintiff argues that Defendant has failed to establish meritorious defenses because Defendant has listed "boilerplate denials and boilerplate affirmative defenses," and that "[D]efendant must set forth with some specificity the grounds for his defense." (*Id.*)

Plaintiff also argues that "Defendant and his Counsel both fail to demonstrate that his untimely response to the Complaint is not the result of culpable conduct." (*Id.* at 3.) Plaintiff highlights that while Defendant provides an explanation as to how he was not evading service, he has failed to explain "his nor his counsel's inaction after being timely served and how it was not the result of culpable conduct," and that his counsel's certification fails to explain the same. (*Id.* at 3.)

## C. Defendant's Reply

Defendant's reply asserts that his meritorious defenses, including the Plaintiff's lack of permanent injury and lack of proximate cause, provide a full bar to liability. (Def.'s Reply 1, ECF No. 16.) Defendant contends that he supported those "defense[s] with the evidence at hand, which is the current medical records, certifications, and property damage estimate." (*Id.* at 2.)

## III. LEGAL STANDARD & ANALYSIS

A motion to vacate default is governed by Federal Rule of Civil Procedure 55, which provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In assessing whether to vacate an entry of default, the Third Circuit Court of Appeals requires courts to consider three factors: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).[1] Moreover, "[t]here is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Close cases "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese*, 687 F.2d at 764).

In its August 8, 2019 Memorandum Opinion and Order, the Court considered each of these factors. (*See* Mem. Op. & Order 4-5, ECF No. 12.) The Court explained that Defendant had

---

[1] These three factors are applied in situations of both entry of default and default judgment. *See Feliciano*, 691 F.2d at 656 (citing *Farnese*, 687 F.2d at 764) ("Although as we have noted the standards for [default entry and default judgment] are not always the same, we believe that the three factors discussed in *Farnese* should be applied in both situations.").

4

established that Plaintiff would not be prejudiced by vacating the default, and that this factor continues to weigh in favor of vacating default. (*Id.* at 4.) As such, Defendant had successfully demonstrated that the first factor weighed in his favor in his initial Motion, but he had failed to state sufficient facts to establish the second and third *Farnese* factors. (*Id.* at 4-5.)

The Court's Order permitted Defendant to supplement his Motion to establish meritorious defenses. (*Id.* at 5); *Farnese*, 687 F.2d at 764. The Court is satisfied that Defendant has done so by providing the Court with at least one assertion, which, if established, would provide a complete defense: that the accident was not a proximate cause of Plaintiff's injuries. (Def.'s Suppl. 4, ECF No. 13.) Defendant states specific facts to advance this, including that medical records establish that Plaintiff had pre-existing impairments to her spine. (*Id.*) Plaintiff also avers that "since this accident involves five vehicles . . . liability needs to be fleshed out in depositions by all parties to ensure the order of the collision." (*Id.*)

The Court also permitted Defendant to supplement his papers to show that his untimely response to the Complaint was not the result of culpable conduct. (Mem. Op. & Order 5, ECF No. 12); *Farnese*, 687 F.2d at 764. In his additional submission, Defendant explains that he was unaware Plaintiff was attempting to serve him because of his unusual sleep and work schedule, and that his failure to respond to Plaintiff's Complaint after service was eventually effected was the result of his counsel's oversight, for which he should not be penalized. (Def.'s Suppl. 5-6, ECF No. 13; Def.'s Reply 5, ECF No. 16.) Though the Court recognizes that Defendant could have provided a more thorough explanation, the Court understands the overriding policy in favor of resolution of a case on the merits. *Gross*, 700 F.2d at 122 (citing *Farnese*, 687 F.2d at 764).

5

## IV. CONCLUSION

Defendant has sufficiently supplemented his Motion to demonstrate facts and satisfy the Court that the three *Farnese* factors weigh in favor of setting aside the default. The Court recognizes the strong policy that any doubt should be resolved in favor of deciding cases on the merits. *Gross*, 700 F.2d at 122 (citing *Farnese*, 687 F.2d at 764). As stated in the Court's earlier Order, dismissal by default is "extreme," and should be "reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870. Accordingly, in light of Defendant's additional submissions, the Court finds it appropriate to grant Defendant's request to vacate default.

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of **September, 2019**

**ORDERED** that Defendant's request to set aside default (ECF No. 13) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **VACATE** the default entered against Defendant Cato Clowney.

ZAHID N. QURAISHI
United States Magistrate Judge

6